ELISHA DYER & others, *vs.* FRANCES J. VINTON & others.

A bill in equity brought to obtain the partition of an estate, held defective in that the prayer of the bill was only for the sale thereof, inasmuch as it should have also contained a prayer for partition generally.

BILL IN EQUITY for partition. The bill in substance alleged that the parties are tenants in common of a valuable real estate, with a large three story dwelling-house, barn, and other improvements thereon, situate in the city of Providence; that the estate came by devise under the will of Elisha Dyer, deceased, the late father of the complainants Elisha Dyer and Caroline Lyman, and the respondent Frances J. Vinton, and was the homestead estate of the testator, upon which he resided at the time of his decease; that the testator deceased on the 11th day of February, 1854; that the estate was devised by the testator, in the first place, to his wife Frances Dyer for life; that the widow deceased on the 29th day of January, 1873; that after the decease of the testator about $8,000 was laid out in raising and repairing the house, so that it was now in good repair; that the house measured about forty-five feet across the front by about forty-two feet in depth, so that its width considerably exceeded one third of the entire width of the lot on either street, and that the house now stood very nearly upon the middle of said lot; and that the complainants Elisha Dyer and Caroline Lyman were entitled to have and enjoy their respective portions of the estate in severalty; but that the same could not be divided by metes and bounds without greatly depreciating the value of the entire estate and of the several shares thereof, and without a great and disproportionate sacrifice of the interests of the complainants therein.

The prayer of the bill was that the estate might be sold under the decree of the court, and the net proceeds thereof divided and paid out to the complainants Elisha Dyer and Caroline Lyman, and to the respondent Frances J. Vinton, in equal shares, to be held and enjoyed by them respectively and in severalty, and for general relief.

To so much of the bill as sought a discovery of the matters relating to the necessity for a sale and prayed for special relief, the respondents demurred, assigning for cause that the complainants

had not by their bill made out such a case as entitled them to either.

*Rogers*, trustee of Mrs. Vinton, *pro se ipso*, and *Markland*, for Mrs. Vinton, in support of the demurrers. I. The complainants, if not entitled to the special relief prayed by their bill, are not entitled to any answer from the respondents, as to the statements of the bill designed to show the necessity for a sale, which, by the complainants' own showing, are merely incidental to the special relief, and constitute whatever of equity for such relief it may be said there is in the bill. Where, as here, a discovery is sought for the purpose of entitling the complainants to relief, if they are not entitled to the relief, they are not entitled to the discovery which is asked for the purpose of obtaining that relief. *Price* v. *James*, 2 Bro. Ch. 319; *Hodgkin* v. *Longden*, 8 Ves. 3; *Sutton* v. *Scarborough*, 9 Ves. 71, 75; *Baker* v. *Mellish*, 10 Ves. 544, 553; *Poole* v. *Lloyd*, 5 Met. 525.

II. The complainants are not entitled to the special relief prayed. 1. It is against the course and practice and not within the jurisdiction of courts of equity, to decree a sale, instead of a partition by metes and bounds. The course and practice of courts of equity in regard to lands held in common, of which partition is sought, is simply to decree a partition, with or without directions in regard to the mode of making the partition, as the nature of the estate and the convenience of the parties may properly require. Where the estate comprises buildings or other improvements, which cannot be divided without great inconvenience, the common course for getting over that difficulty is either to decree compensation for equality of partition, or to direct some special mode of enjoyment, in order that each party may have a proper share of the improvements as well as of the land itself. But, in suits for partition, courts of equity have never been known to assume jurisdiction to direct a sale of the land because of the difficulty of dividing the buildings or other improvements, or, indeed, for any other reason. 1 Story's Eq. Juris. §§ 654, 656; 2 Lead. Cas. Eq. (3d. Am. ed.) 640. *Pell* v. *Ball*, 1 Speer's Eq. 518; *Spann* v. *Blocker*, 2 Nott & McC. 593.

2. A decree of sale by a court of equity upon the ground that the property is held in common and is partly occupied by a dwelling-house of considerable value, and which cannot be conven-

iently divided, would be as much opposed to the plainest principles of common right as would be a decree for the sale of any property, with or without compensation, when required for other than public purposes ; and so well has this been understood that courts of equity, as we have said, have never been known to make any such decree. It thus clearly appears that courts of equity could not originally decree a sale in lieu of a partition by metes and bounds, and that a bill for such a sale could not be maintained.

III. The only question is, whether the statute of partitions of this state (Gen. Stat. c. 219) has extended the power of the court so as to entitle the complainants to elect and claim by their bill, as a matter of right, which they here do, to have the estate in question sold under the decree of the court, and to compel the defendants to discover whether it is not inconvenient to have a partition in any other matter. 1. The only material provision in the statute on this subject is contained in the 16th section, and this does not so extend the power of the court. That section purports to confer on the court a discretionary power, upon motion of either party, after the cause has proceeded to a decree for partition, to order a sale by the commissioners appointed to divide the estate. But it does no more than this. If it had been the intention so to enlarge the power of the court as to authorize any one or more of the tenants, as a matter of right, to elect and claim a sale instead of a partition, the general assembly would hardly have left the matter to the discretion of the court, and directed that it should be heard upon the motion of either party in the suit for partition.

2. The statute does not purport to alter or vary the well known mode of procedure in suits for partition. On the contrary, it contemplates that they will be proceeded with in' the ordinary manner to the making of the decree, and that then, and not till then, it shall be open to each and all of the parties, by motion addressed to the judicial discretion of the court, to make application for an order for the sale of " the whole premises sought to be divided, or any particular lot, portion, or tract thereof, or the interest of the plaintiff or plaintiffs, or of the defendant or defendants in the whole premises, or in any particular lot, portion, or tract thereof."

3. A bill for a sale grounded upon certain facts specified, and assuming that if such facts are admitted or proved a decree of sale must follow as of right, is not only unauthorized by, but is manifestly opposed to the statute; for it utterly overrides the discretion which the statute intended should be exercised by the court to order either the whole land and buildings, or part of the land with or without the buildings, or the buildings without the land, or the interest of any of the parties in the land and buildings respectively, to be sold by the commissioners, as should seem most proper, and wholly excludes the defendants from the exercise of the clear right which they have, equally with the complainants, to move the court for a sale either of the whole estate, or part of the land with or without the buildings, or the buildings alone, or the interest of any of the parties therein respectively, as the defendants may be able to make it appear should be done.

4. Upon a proper bill for partition, the power of the court and the rights of all the parties can be fully and fairly exercised and protected, but not so under a bill for a sale which assumes to limit the power of the court and the rights of the defendants to a sale of the entire estate and the division of the proceeds.

5. Where, as in this case, the only difficulty is that the buildings cannot be divided, it is quite easy to see that they may be sold without the land, if it is better to do that than to resort to the equitable mode of compensatory adjustment; and upon a bill for partition, the court is authorized by the statute to order such a sale, in which case the land itself would remain to be divided in the ordinary manner.

6. The only material provision of the statute upon this subject is contained in the 16th section. But it may be urged by the other side, that if this bill is not proper under that section, it is authorized by the 19th section. There can be no doubt, however, that the real purpose of this latter section was to extend the provisions of the 2d and 16th sections to persons having reversions or remainders, and that it was not intended thereby to authorize a bill for a sale, and to do away with the proceeding by motion and the discretion of the court provided for by the 16th section.

Dyer v. Vinton.

7. In the case of *Codman* v. *Tinkham*, 15 Pick. 367, the Supreme Court of Massachusetts said, in reference to a statute of that state : " The literal construction of a statute may be enlarged or limited by the obvious meaning ; but the meaning must be very clear to authorize the court to depart from the letter of a statute ; and where it is limited to cases attended by particular circumstances, those circumstances cannot be rejected in construing the act." The rule laid down in that case should be applied to the case at bar.

*Payne & James Tillinghast*, for the complainants, *contra.* I. This is none the less a bill for partition because it asks partition in a particular mode. Notwithstanding this prayer for partition by sale and division of proceeds, the court may order partition by metes and bounds, under the prayer for general relief. The bill in this form is most favorable for the respondents, since it gives them an opportunity to traverse the allegation that the partition cannot be by metes and bounds, and have the full benefit of their answer. The demurrer is only to the special relief prayer, to which the plaintiffs may or may not be entitled as the case may develop at the hearing. It is well settled that in such a case a demurrer will not lie. 1 Daniel's Chancery Plead. & Prac. (ed. 1871) 543 ; *Verplank* v. *Caines*, 1 John. Ch. 58 ; *Dike* v. *Greene*, 4 R. I. 285.

II. This is none the less a motion by the complainants for partition by sale and division because it comes as a prayer in the original bill. The purpose of this provision, Gen. Stat. ch. 219, § 16, is not to compel the party to make a motion after filing the bill, but to enable him to do so. It seems strange to say that it is error to make the motion *in* the bill. Would a bill for the partition of water power be any the less a good bill because it pointed out a special mode of partition and asked to have it made in that way ?

Per CURIAM. In this case we can see no impropriety in the complainant's making the motion for sale originally in his bill, as he might do by separate motion afterwards. But we think the bill ought to contain a prayer for partition of the estate, although it need not ask for partition by metes and bounds.

*Demurrer sustained with leave to amend.*

*The following decree on the demurrers was thereupon entered by the full court,* POTTER, J., *dissenting :* —

Said case came on to be heard on demurrers filed by the defendants, and was argued by counsel, and thereupon upon consideration thereof it is ordered, adjudged, and decreed by the full court as follows: That said demurrers to said bill, in.so far as said bill seeks a discovery as to or concerning the facts and statements referred to in said demurrers as grounds for the sale of the estate described in said bill, and in so far as the complainants have in and by said bill prayed for a sale of said estate and a division of the proceeds of the sale, is sustained, unless the complainants shall, on or before the 16th day of December, A. D. 1873, amend said bill, as they have suggested they intend to ask leave to amend the same, by inserting in place of said prayer in said bill (which is to be struck out) the following prayer and motion, to wit: Wherefore your orators pray that partition of said estate may be made; and inasmuch as said estate, as your orators aver, cannot be divided by metes and bounds, they move that said estate may be sold, and the proceeds of the sale of the same divided between said parties in the proportions aforesaid, according to the statute in such case provided: It being further ordered, that, upon the making of said amendment, the allegations of facts and circumstances in said bill referred to in said demurrers be allowed to stand, not however as a substantive part of the bill, but as a statement of grounds in support of said motion.

POTTER, J., dissenting. The bill represents that the two complainants and the respondent are possessors of a certain house and lot of land in the city of Providence, which they hold under the will of Elisha Dyer, deceased; that after his decease $8,000 was expended on it in repairs; that the complainants are entitled to their shares in severalty; that the dwelling-house covers more than one third of the lot, and that it cannot be divided, and therefore pray for a sale and a division of the proceeds into three equal shares, and for general relief; and the prayer for subpœna, and for defendant to appear, &c., and answer all and singular the premises.

To so much of this bill as seeks a discovery as to money expended, and whether the facts stated as rendering a sale necessary are true, and to so much as prays for a sale, the defendant

demurs, because the complainants have not stated a case entitling them to the relief. Upon the construction the court have put upon the statute, the complainant was not entitled to the sale in the mode prayed for. The demurrer was therefore sustained, with leave to amend. Two forms of decree are now proposed to carry out the opinion formerly delivered. The court said that as the statute is a statute for partition, and contains a provision that the court may, on motion by either party, order a sale of the whole or any part by the commissioners appointed to divide it, the bill should pray for partition, but need not pray for partition by metes and bounds, and that the motion for sale may be contained in the bill itself. The only objection that suggested itself to this course was, that if no answer was filed and the bill was taken as confessed, it might be considered that the sale would be ordered as a matter of course. But the facts being proved or taken as confessed, the court might still exercise a discretion as to the relief to be granted. To require that the motion for sale should in all cases be a separate motion, leads to this absurdity, that the complainant is compelled to ask for a partition (by which is generally understood a partition by metes and bounds, or by times of enjoyment, &c.), which he does not want, and then to ask for what he really does want, by motion. It is certainly most in conformity with the course of equity that the complainant should ask in his bill for the relief he really wishes. A prayer by separate motion for different relief from that prayed in the bill could only be allowed by force of the statute. The complainants propose to amend by inserting a prayer for partition, and inasmuch as partition cannot be made without metes and bounds (which they aver), that the estate may be sold, &c.

The respondents, by Mr. Markland, propose that the complainants be required to amend by inserting a prayer for partition and a motion (*eo nomine*) for sale, but to strike out all relating to discovery and answer as to the money expended, or facts rendering a sale necessary.

I believe the whole court consider the amendments proposed by the complainants correct, as far as they go, and it cannot be material whether the party uses the word *move* or the word *pray*, in his motion.

The allegation about repairs may be material, as showing that

the house constitutes a large part of the whole value, and the other allegations may be material, in showing the necessity of a sale. The respondent, if he wishes to insist on the question of immateriality, may do so by his demurrer, or he may decline to answer and have the point decided on exceptions to his answer. If the defendant does not answer, the complainant may proceed to prove his bill. Daniel's Ch. Prac. 500, and English Ch. Orders of 1845; or, secondly, he might have a decree *pro confesso*, which could only be considered as applying to the facts alleged which were necessary to establish the right to relief. But the respondents say they should not be required to answer as to any facts alleged which might or not make a sale proper; and this not on the ground of immateriality, but because, as we understand Mr. Markland to contend, inasmuch as, if the motion were made separately from the bill, the respondent would not be obliged to answer, the complainant ought not to gain an advantage and be enabled to compel an answer, by making the motion in his bill. But as our law now stands, the respondent may be compelled to testify on the motion, or at any stage of the bill, as to any facts in her knowledge, and there seems no reason why she should not answer the same matters if alleged in the bill. The question of sale is the only one in dispute, there being no intimation that there is any dispute as to the shares. And as the court have unanimously held that the legislature intended, or rather must have intended, that the complainant might ask for a sale in his bill, it seems more in conformity with that wisdom which we are bound to suppose actuates the legislature, to hold that if they allow it to be asked for in the bill they intended it to constitute a part of the bill, and to be followed by the reasonable consequences of its being so, and to have the rules of equity practice applied to it, — *i. e.* that the bill might contain the allegations to support it and that they should be answered. But upon the decree as settled by the majority of the court, it seems to me that we have this inconsistency, that we allow the prayer for sale and allegations to sustain it to be inserted into a bill containing a prayer for answer. We declare that they are properly in the bill, and the rule requires an answer, unless we allow the prayer for answer to be amended also. The praying for sale in the bill does not prevent the respondent applying for a sale in any particular mode, or for partition of part and sale of the remainder.